IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | | |
|---|---|---|
| EDWARD M. BRIDGEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-CV-497-SJ-DGK-SSA |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE ADMINISTRATIVE LAW JUDGE'S DECISION

This action seeks judicial review of the Commissioner of Social Security's decision denying Plaintiff Edward M. Bridgeman's application for Social Security benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434. The Administrative Law Judge ("ALJ") found on behalf of the Commissioner that Plaintiff had multiple severe and non-severe impairments but retained the residual functional capacity ("RFC") to perform work as a dowel inspector, pharmaceutical processor, and administrative support worker.

After carefully reviewing the record and the parties' briefs, the Court finds substantial record evidence supports the ALJ's opinion. The ALJ's decision is AFFIRMED.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary. Plaintiff filed the pending application on October 12, 2010, alleging a disability onset date of August 25, 2008 through his date of last insured, March 31, 2011. The Commissioner denied the application at the initial claim level, and Plaintiff appealed the denial to an ALJ. On March 20, 2012, the ALJ held a hearing, and then issued a decision on

April 3, 2012, finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on April 11, 2013, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and is now eligible for judicial review under 42 U.S.C. § 405(g).

**Standard of Review**

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A).

A federal court's review of the Commissioner's denial of disability benefits is limited to determining whether the ALJ's findings are supported by substantial evidence on the record as a whole. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the ALJ's decision. *Id.* In making this assessment, the court considers evidence that detracts from the ALJ's decision, as well as evidence that supports it. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). The court must "defer heavily" to the ALJ's findings and conclusions. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The court may reverse the ALJ's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g); 416.920(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the ALJ to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

simply because the court might have decided the case differently were it the initial finder of fact. *Buckner*, 646 F.3d at 556.

## Discussion

Plaintiff argues that the ALJ erred by: (1) failing to properly weigh the evidence in determining Plaintiff's impairments; and (2) failing to incorporate all of his impairments into the RFC formulation. These arguments are without merit.

I. **The ALJ properly evaluated the record evidence to determine Plaintiff's impairments.**

A. **The ALJ properly weighed the medical opinions.**

Plaintiff first challenges how the ALJ weighed the medical evidence in determining his RFC. James Morgan, Ph.D. ("Dr. Morgan"), an examining but non-treating medical professional, opined that Plaintiff's depression and anxiety were non-severe. R. at 583. Plaintiff argues that the ALJ erred by giving "significant weight" to the opinion of the state agency psychological consultant Dr. Morgan. R. at 17.

The ALJ generally must give controlling weight to a treating physician's opinion. 20 C.F.R. § 404.1527(c). In addition, the ALJ must consider the findings and opinions of non-examining state agency consultants regarding a claimant's physical and mental abilities. *Id.* § 404.1527(e)(2)(i). The more consistent an opinion is with the record as a whole, the more weight the ALJ will give it. *Id.* § 404.1527(e)(4).

The ALJ properly gave controlling weight to the opinions of all of Plaintiff's treating physicians, including Robert F. Zink, M.D ("Dr. Zink") and Terry L. Gallion, M.D. ("Dr.

Gallion"). R. at 20.[2] No evidence, from the treating physicians or otherwise, shows that Plaintiff had ever sought treatment for depression or anxiety. R. at 17.

Because Dr. Morgan's opinion is consistent with the record as a whole, the ALJ properly relied on it to formulate Plaintiff's RFC.

**B.    The ALJ properly performed a credibility analysis on Plaintiff.**

Plaintiff next argues that the ALJ rejected Plaintiff's testimony without sufficiently analyzing his credibility. Specifically, Plaintiff argues that the ALJ failed to consider the credibility factors enumerated in *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984).

To determine the severity of a claimant's impairments, the ALJ must first determine his credibility. *Ellis v. Barnhart*, 392 F.3d 988, 995–96 (8th Cir. 2005). The ALJ must base his credibility findings on the entire record including: medical records; statements by the plaintiff and third parties; the plaintiff's daily activities; the duration, frequency, and intensity of pain; the dosage, effectiveness, and side effects of medications; precipitating and aggravating factors; and functional restrictions. *Polaski*, 739 F.2d at 1322; *see* 20 C.F.R. § 404.1529(c)(3) (codifying the *Polaski* factors); SSR 96-7p, 1996 WL 374186, at *3 (same).

The ALJ must make express credibility determinations, but is not required to discuss each credibility factor. *Halverson v. Astrue*, 600 F.3d 922, 932 (8th Cir. 2010). Inconsistency with the record as a whole is an appropriate ground for the ALJ to discount the claimant's subjective complaints. *Gray v. Apfel*, 192 F.3d 99, 803 (8th Cir. 1999). For example, the ALJ may find that the claimant's daily activities, lack of treatment, demeanor, and objective medical evidence are inconsistent with his subjective complaints. *Jones v. Chater*, 86 F.3d 823, 826 (8th Cir. 1996). The court must defer to the ALJ's credibility findings "so long as they are supported by

---

[2] Plaintiff states that the ALJ withheld weight from every treating physician's opinion except one by Dr. Zink (Doc. 8, at 13). That is inaccurate. *See, e.g.*, R. at 20 (discussing and according weight to the opinion of Dr. Gallion).

4

good reasons and substantial evidence." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005).

Here, the ALJ cited the pertinent credibility factors and articulated several well-supported reasons for discounting Plaintiff's credibility. R. at 19–22 (citing 20 C.F.R. § 404.1529; SSR 96-7p, 1996 WL 374186). First, the ALJ observed the inconsistency between Plaintiff's daily activities and his complaints of disabling pain. Plaintiff testified that he experienced constant, severe pain that confines him to a recliner most of the day. R. at 36, 38. However, Plaintiff told his physician that in 2010 he had pushed and pulled on a car to get it out of traffic. R. at 564. Plaintiff did laundry and house work. R. at 562, 151–53. He also helped with his son, managed the household, shopped, performed light cleaning, did laundry, and cooked. R. at 191–95. Dr. Morgan found no restrictions or difficulties with daily living. R. at 581. Given this evidence, the ALJ could discredit some of Plaintiff's reported symptoms. *See McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011) ("[The claimant's] reports that he gardened, drove, and helped his children get ready for school are inconsistent with his reports of disabling pain.").

Second, even if Plaintiff experienced disabling pain at some point, he demonstrated significant improvement following his alleged onset date. Dr. Zink opined that Plaintiff had a "[s]table postoperative follow-up from coronary artery bypass grafting" and "is able to go back to work at any time that he can find suitable employment." R. at 296; *accord* R. at 298 ("Cont[inue] to walk daily for exercise. No heavy lifting over 20 pounds—may lift . . . cautiously."). Similarly, after Plaintiff presented with complaints of chest pressure Elizabeth Dang, D.O. remarked that he was "able to return to work." R. at 367. This evidence undermined Plaintiff's credibility. *See Johnson v. Astrue*, 628 F.3d 991, 995–96 (8th Cir. 2011) (holding that

5

the ALJ was justified in discounting the claimant's subjective complaints of disabling pain and fatigue where his treating physicians had reported that he was "doing well").

Third, no objective medical evidence supports the full extent of Plaintiff's alleged limitations. Plaintiff testified that he spent fourteen to sixteen hours per day confined to his recliner. R. at 35, 38. However, no medical consultant ever directed him to recline for such long periods. R. at 19. The dearth of supporting evidence in record suggests that these limitations were self-imposed. *See Brown v. Chater*, 87 F.3d 963, 964–65 (8th Cir. 1996) (holding that the lack of significant restrictions imposed by treating physicians supported the ALJ's decision finding that there was no disability); *Rosa v. Astrue*, 708 F. Supp. 2d 941, 958 (E.D. Mo. 2010) ("A record . . . which does not reflect physician imposed restrictions suggests that a claimant's restrictions in daily activities are self-imposed rather than by medical necessity." (citing *Zeiler v. Barnhart*, 384 F.3d 932, 936 (8th Cir. 2004))). Rather, substantial evidence in the record supports the RFC that the ALJ did formulate.

Although the ALJ did not explicitly discuss each *Polaski* factor, he was not required to do so, and acknowledging them was sufficient. *See Halverson*, 600 F.3d at 932. Substantial record evidence supports the ALJ's rejection of Plaintiff's subjective complaints of pain.

II. **The RFC reflects all limitations supported by substantial evidence in the record.**

Plaintiff lastly argues that the ALJ's RFC formulation is unsupported by substantial record evidence because it does not account for Plaintiff's severe impairments. Specifically, Plaintiff argues that his severe impairments necessitate a work environment in which he does not have to keep his feet down, use foot controls, or reach and handle in all directions. He argues that his non-severe impairments demand a work environment where he may take frequent breaks, that is low stress, and that provides limited contact with other people. However, substantial

6

evidence supports the ALJ's RFC determination because the record either does not support these impairments, or contradicts their existence.

An RFC is "what an individual can still do despite his . . . physical or mental limitations." 20 C.F.R. § 404.1545(a)(1). An ALJ must determine a claimant's RFC based on all of the record evidence, including medical records, third party observations, and the claimant's own descriptions of his limitations. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); SSR 96-8p, 1996 WL 374184, at *5 (July 2, 1996). The ALJ must account for all of the claimant's medically determinable impairments, both severe and non-severe. 20 C.F.R. § 416.945(a)(2). An RFC is fundamentally a "medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001).

Concerning the severe limitations found by the ALJ, Plaintiff's argument that the RFC did not fully account for his walking and reaching limitations is unfounded for several reasons. First, Plaintiff fails to cite record evidence supporting his contention that he must elevate his feet, so the ALJ did not need to include that limitation in his RFC formulation. Second, the RFC formulation *does* limit Plaintiff's need to use foot controls to "occasionally." R. at 18. Third, the record contradicts Plaintiff's argument that he is limited in reaching and handling in all directions. Rather, treating physician Donna Muckerman-McCall, D.O. opined only that Plaintiff should "[a]void repetitive reach overhead due to chest wall pain." R. at 569. Similarly, Dr. Zink found that Plaintiff could lift up to fifteen to twenty pounds. R. at 298. The ALJ found both of these opinions to be relevant and credible. R. at 20–21.

Concerning the non-severe limitations found by the ALJ, the record does not support Plaintiff's assertion that his non-severe impairments necessitate a low-stress work environment or a need to take frequent breaks or to miss work several days per month. On the contrary, Dr.

Morgan observed that Plaintiff's "daily activities are not significantly limited by mental impairments" and that Plaintiff "has no problems socializing." R. at 583. Plaintiff reports that he still talks to people with whom he worked at his last job. R. at 146. Plaintiff attends Boy Scouts meetings, which evinces a capability to engage in a wide range of social activities. R. at 152.

On the whole, Plaintiff provides no medical evidence that his RFC was improperly assessed. Instead, substantial record evidence supports the ALJ's decision to omit these physical and mental limitations from Plaintiff's RFC. *See Baldwin v. Barnhart*, 349 F.3d 549, 558 (8th Cir. 2003) (affirming an ALJ's omission of limitations on the claimant's ability to function in the workplace where the medical reports revealed no condition that would necessitate such limitations).

## Conclusion

Because substantial evidence on the record as a whole supports the ALJ's opinion, the Commissioner's decision denying benefits is AFFIRMED.

**IT IS SO ORDERED.**

Date: June 26, 2014              /s/ Greg Kays
                                 GREG KAYS, CHIEF JUDGE
                                 UNITED STATES DISTRICT COURT